### PHELAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. November 24, 1908.)

1. JUDGMENT (§ 73*)—BASIS—STIPULATION NOT ADMISSION.

A stipulation that the prayer of the complaint be reduced, and that the credit due defendant be increased to specified sums, was merely a consent that the pleadings be amended, and not an admission of the correctness of the allegations, and hence not a proper basis for judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 73.*]

2. JUDGMENT (§ 19*)—SUPPORT IN PROOF—NECESSITY FOR.

A judgment unsupported by admission or proof cannot stand.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Arthur B. Phelan against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Alex. S. Lyman (William Mann, of counsel), for appellant.
J. S. & H. A. Wise (John S. Wise, of counsel), for respondent.

GILDERSLEEVE, P. J. The pleadings are in writing. The complaint alleges that prior to the 19th day of February, 1903, the plaintiff and defendant entered into a contract, whereby the plaintiff agreed to make and supply the defendant with photographic prints, for which the defendant agreed to pay, at their reasonable value, an equivalent amount of railroad transportation upon defendant's roads; that between February, 1903, and the 3d day of November, 1905, plaintiff made and delivered to defendant photographs of the reasonable value of $468, which defendant received and retained; that between the months of June, 1903, and November, 1906, plaintiff received from defendant transportation of the reasonable value of $207.30; that plaintiff has demanded further transportation from defendant, and that defendant has refused the same, and notified plaintiff it would make no further compliance with said contract, to the damage of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff in the sum of $260.70. The answer of the defendant, upon information and belief, denies all of the above allegations. The record shows that at the trial no witnesses were called by either side. Counsel undertook to submit the issues to the court for determination upon agreed facts. A somewhat extended colloquy took place between counsel and the court, but the exact facts intended to be stipulated do not clearly appear. We notice the last statement made by defendant's counsel was as follows:

"We ought to have it on the record that there was no agreement that the photographs were to be taken of any specific amount, and no specified transportation was agreed upon."

In conclusion, plaintiff's attorney said:

"This is our contention—that they got the pictures, and we were to get transportation. Nothing said that we were to furnish the equivalent of transportation of the reasonable value of the photographs. Nothing definite stated."

At the beginning of the trial, by stipulation, the following entry was made upon the minutes:

"The prayer of the complaint to be reduced to $210.70, and the statement in the bill of particulars as to the transportation allowed so far should be increased to $257.30."

This stipulation was nothing more than a consent that the pleadings be thus amended. It was not an admission of the correctness of the allegations, and therefore not the proper basis for a judgment. The plaintiff's claim is for damages for the breach of a contract between the defendant and the plaintiff, whereby, in exchange for photographs, the defendant agreed to pay transportation. The judgment in favor of the plaintiff for the amount claimed in the complaint as amended is exactly the difference between the alleged reasonable value of the photographs delivered and the transportation received. The record is barren of admission or proof to support the judgment, and for this reason should not be allowed to stand. The question of law, to wit, "Was the contract rendered impossible on and after July 1, 1907," the date on which chapter 429, p. 889, Laws 1907, known as the "Public Service Commissions Law," became effective, which counsel desired to have decided, and which is fully argued in their briefs on this appeal, is not presented by the record. Under the circumstances, a discussion and decision of that question by this court at the present time would be academic, and fail to adjudge the rights of the parties.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

MacLEAN, J. (concurring). It is claimed that a contract between the parties herein is affected by the provisions of the Public Service Commissions Law. The unconstitutionality of the act was not invoked, nor was the cause heard upon evidence or upon the submission of an agreed state of facts. The rambling colloquy of counsel before the court was an insufficient basis for the determination in favor of the plaintiff, whose claim, set forth in his verified complaint, seems to

lack support in statements of counsel as to the contract made by and between their clients. The claim is novel, and, were the question submitted under some auspices, the manner of its presentation might suggest ulterior motives. In the interests of justice, the judgment herein should be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to abide the event.